## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSUE MARTIR,

    Petitioner,

v.                                                                                    Case No: 8:14-cv-00411-CEH-TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Josue Martir (Martir), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the petition (Dkt. 1), Respondent's response (Dkt. 10), and Martir's reply (Dkt. 14). Upon review, the Court determines that the petition should be denied.

## BACKGROUND

Martir pleaded guilty to racketeering, three counts of conspiracy to traffic in illegal drugs, two counts of trafficking in illegal drugs, and trafficking in cocaine. He was sentenced to twelve and a half years imprisonment followed by ten years probation. Martir appealed and the Second District Court of Appeal affirmed his conviction *per curiam*. *Martir v. State*, 2013 WL 3455541 (Table) (Fla. 2d DCA 2013).

Martir then timely filed this 28 U.S.C. § 2254 *pro se* petition alleging one ground: the trial court erred in denying his motion to suppress evidence obtained from an illegal wiretap.[1]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court

---

[1] Martir alleged other grounds, but they were dismissed at his request because they were unexhausted (Dkt. 8).

denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. for Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). Finally, a state court's factual finding is presumed to be correct and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

I.   **Ground 1**

Martir contends that the trial court erred in denying his motion to suppress evidence obtained from an illegal wiretap in violation of his Fourth Amendment right. Because the State provided Martir an opportunity for full and fair litigation of his Fourth Amendment claim, federal habeas corpus relief is not available.

Federal habeas review of Fourth Amendment claims has been limited by the Supreme Court of the United States. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976).

The Eleventh Circuit Court of Appeals has determined that "[a]n 'opportunity for full and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. State of Ala.*, 577 F.2d 1188, 1192 (5th Cir. 1978). Accordingly, federal habeas corpus relief is barred "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim." *Id.* The Eleventh Circuit held in *Tukes v. Dugger* that a state does not afford a defendant a full and fair opportunity to litigate a Fourth Amendment claim when the state court fails to make essential findings of fact. 911 F.2d 508, 514 (1990).

The State of Florida provided Martir an opportunity for full and fair litigation of his Fourth Amendment claim at his pre-trial evidentiary hearing, and on his direct appeal. As a result, federal habeas corpus relief is barred.

Martir contends in his reply that *Stone v. Powell* should not bar his federal habeas corpus claim because the state court failed to follow controlling federal case law by considering the testimony of the detectives, thus denying him an opportunity for full and fair litigation. But in addition to being barred by *Stone v. Powell*, Martir is factually mistaken.

Ordinarily, a judge is confined to the four corners of the document when analyzing a warrant application. *See Donovan v. Mosher Steel Co.*, 791 F.2d 1535, 1537 (11th Cir. 1986) (quoting *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1 (1964)) ("'It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention' —that is, within the four corners of the warrant application."). Considering information outside the four corners of the document, such as

the testimony of the detectives, would be contrary to controlling federal case law and might deny Martir an opportunity for full and fair litigation.

But there is no evidence in the record to suggest that the state court considered anything outside the four corners of the warrant. The prosecutor argued that the judge should consider "the testimony of Detective Gonzalez and Detective Tyson . . . ." (Dkt, Tr. 107). In response, the trial judge stated "I can't consider it. I have to look at the four corners of the document when I analyze it." (Dkt, Tr. 109). The prosecutor then proceeded without the testimony of the law enforcement officers: "Notwithstanding, Your Honor, the State can proceed without the testimony of the law enforcement officers." (Dkt, Tr. 114). Furthermore, the judge's order denying the motion to suppress indicates that the judge only analyzed what was within the four corners of the document, and did not account for outside testimony. (Dkt, Tr, 219-22).

Since Martir has failed to establish that the State of Florida denied him the opportunity for full and fair litigation of his Fourth Amendment claim, Ground One will be denied.

## **CONCLUSION**

For the reasons set forth above, Martir's claim is without merit and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Martir, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### IN FORMA PAUERIS DENIED

IT IS FURTHER ORDERED that Martir is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Martir "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Martir is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 8th day of December, 2015, at Tampa, Florida.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel/Parties of Record
S:\Odd\2014\14-cv-411 order 2254 CEH.docx